GABRIEL BARNETT,                              )
                                             )
      Plaintiff,                       )
                                             )
vs.                                          )   No. _____
                                             )
HAWKINS COUNTY, Tennessee,                    )   JURY DEMAND
a governmental entity;                        )
                                             )
RONNIE LAWSON, individually,                  )
Hawkins County Sheriff;                       )
                                             )
MICHAEL MARTIN, individually,                 )
Hawkins County Sheriff's Deputy;              )
                                             )
JOHN and JANE DOES 1-10, individually,        )
employees of the Hawkins County Sheriff's     )
Office                                        )
                                             )
      Defendants.                      )

---

## COMPLAINT

---

Comes now the Plaintiff, Gabriel Barnett ("Plaintiff" or "Mr. Barnett"), by and through counsel, and for his Complaint against the Defendants, Hawkins County, Sheriff Ronnie Lawson, Deputy Michael Martin, and John and Jane Does 1-10, would respectfully state as follows:

### NATURE OF ACTION

1. This is a civil rights and state tort action arising out of the unlawful seizure and assault of Plaintiff Gabriel Barnett in connection with Hawkins County Sheriff's Deputy Michael Martin violently beating Mr. Barnett while Mr. Barnett was restrained by multiple officers, and face down in a muddy puddle.

2. In the late hours of April 12, 2020, law enforcement officers from the Greeneville Police Department initiated a traffic stop on a truck driven by Mr. Barnett for suspicion of an impaired driver at 2325 E. Andrew Johnson Highway, in Greeneville. Mr. Barnett did not

immediately yield to law enforcement and proceeded westbound on Highway 11E towards Hawkins County. On Highway 11E, the average posted speed limit is 55 miles per hour, and at no point did Mr. Barnett exceed 65 miles per hour, mostly traveling at around 50 miles per hour.

3. As the pursuit neared the Hawkins County line, the Hawkins County Sheriff's Department was notified and responded by sending officers to the Hawkins/Greene County Line. Once Mr. Barnett traveled into Hawkins County, deputies with the Hawkins County Sheriff's Department attempted a "rolling road block." However, conditions were wet and dark, and Mr. Barnett lost control of his vehicle, which then went down a short embankment.

4. At this point, Mr. Barnett was attempting to climb out of his wrecked truck when law enforcement rushed towards him and forcefully threw him onto the ground.

5. With his face submerged in a muddy puddle, multiple officers pounced onto his person. While one officer repeatedly stomped the back of Mr. Barnett's neck, another officer delivered numerous punches to his face.

6. Mr. Barnett can be heard screaming "I can't f**king breathe." Meanwhile, law enforcement officers exclaimed the following: "Are you trying to get your a** beat?"; "I'm going to whoop your a**"; and finally, "That's what you get when you run from the police, dumba**!"

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 over Plaintiff's claims arising under the Constitution of the United States and 42 U.S.C. § 19.

8. This Court has supplemental jurisdiction over any claims brought under Tennessee law pursuant to 28 U.S.C. § 1367, as such claims are so related to claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

9. Mr. Barnett is entitled to reasonable attorneys' fees and costs of this action pursuant to 42 U.S.C § 1988.

10. Venue is proper in this district based on 28 U.S.C § 1391(b)(2), as all incidents, events, and occurrences giving rise to the action occurred in Greene County or Hawkins County, within the Northern Division of the Eastern District of Tennessee.

11. Venue is further proper is this district based on 28 U.S.C § 1391(b)(1) because, upon information and belief, all Defendants are residents of the state in which this district is located, and both Greene County and Hawkins County are within this district.

## PARTIES

12. The Plaintiff, Gabriel Barnett, is a citizen of Greene County, currently residing at 954 Bowmantown Road, Limestone, Tennessee 37681.

13. The Defendant, Hawkins County, Tennessee, ("Hawkins County"), is a governmental entity and political subdivision of the State of Tennessee. It may be served through its chief executive officer, County Mayor, Jim Lee, at Hawkins County Courthouse, 150 E. Washington Street, Suite 2, Rogersville, TN 37857.

14. At all times material herein, Hawkins County and the Hawkins County Sheriff's Office ("HCSO") possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the HCSO, including those individuals charged with protecting and serving the public as Sheriff's Deputies, and to assure that said actions, policies, rules, regulations, practices, and procedure of the HCSO and its employees and agents comply with the laws and constitutions of the United States and the State of Tennessee.

15. Defendant, Ronnie Lawson ("Sheriff Lawson"), is, based upon information and belief, a citizen and resident of Hawkins County and may be served at 117 Justice Center Drive, Suite 1304 Rogersville, Tennessee 37857. At all times material hereto, Sheriff Lawson was the duly

elected Sheriff of Hawkins County, Tennessee. Sheriff Lawson is sued herein in his individual capacity and as principal on his official bond. Sheriff Lawson was operating under color of law.

16. At all times material hereto, Sheriff Lawson was statutorily responsible for the operation of the Hawkins County Sheriff's Department; for the screening, hiring, firing, training and the supervision of deputies and other employees.

17. Hawkins County and the HCSO acted through their agents, employees, and servants, including policymakers, and through Sheriff Lawson.

18. Defendant, Michael Martin ("Deputy Martin"), is, based upon information and belief, a citizen and resident of Hawkins County and may be served at 117 Justice Center Drive, Suite 1304 Rogersville, Tennessee 37857. At all times material hereto, Deputy Martin was a Sheriff's Deputy employed by the HCSO. Deputy Martin is sued herein in his individual capacity and as principal on his official bond. Deputy Martin was operating under color of law.

19. Plaintiff also sues Defendant Does 1-10 because their true names and/or capacities and/or other facts showing their culpability are presently unknown to Plaintiff. These Defendants are sued in their individual capacities as HCSO supervisors, administrators, deputies, or officers, and as principals on their official bonds.[1]

20. Defendant Does 1-10 are unknown officers or staff of the HCSO, a sub- division of Hawkins County, who failed to take reasonable steps to protect Mr. Barnett during his arrest on April 12, 2020 against the unlawful conduct alleged herein. They are also sued in their individual capacities. Mr. Barnett is informed and believes, and thereupon alleges that at all times relevant herein, certain of the Doe Defendants were supervisors, policy makers, and/or other law

---

[1]Under Rules 4(m) and 15(c)of the Federal Rules of Civil Procedure, Plaintiff will seek leave of this Court to amend his Complaint to set forth the true names and capacities of such Defendants when their identities are ascertained.

enforcement officers for Hawkins County.

21. Various persons or entities not made Defendants in this lawsuit, including but not limited to Hawkins County officials, commissioners, or HCSO employees, have participated as co-conspirators with Defendants in the violations asserted in this Complaint and have performed acts and made statements in furtherance thereof. Mr. Barnett reserves the right to name some or all of these persons as Defendants at a later date. There is a finite number of co-conspirators, and Mr. Barnett believes that their identities may be ascertained through Defendants' own records.

22. Mr. Barnett is a citizen of the United States and all of the individual Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

23. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Hawkins County law enforcement officers, and their acts or omissions were conducted within the scope of their official duties or employment.

**FACTS**

24. On or about April 12, 2020, Derek Casteel of the Greeneville Police Department was on routine patrol.

25. Officer Casteel was dispatched to a possible impaired driver at 2375 E. Andrew Johnson Highway, in Greeneville.

26. Officer Casteel spotted the vehicle in question, and attempted to initiate a traffic stop by activating his lights and sirens.

27. The Driver of the vehicle was identified as the Plaintiff, Gabriel Barnett.

28. However, Mr. Barnett did not immediately yield and proceeded to drive away from law enforcement, traveling westbound on Highway 11E towards Hawkins county, operating his vehicle at an average speed of 50 miles per hour.

29. As the pursuit approached the Greene/Hawkins county line, deputies with the HCSO were notified and officers were dispatched to the county line, in anticipation of Mr. Barnett's vehicle crossing into Hawkins County.

30. Deputies with the Hawkins County Sheriff's Office attempted a "rolling road block," but due to the wet and dark conditions, Mr. Barnett lost control of his vehicle and went down a short embankment.

31. While Mr. Barnett was attempting to extricate himself from his truck, multiple law enforcement officers swarmed the vehicle, dragged Mr. Barnett out of the truck, and forcefully threw him face down in a mud puddle.

32. With his face submerged in the mud, law enforcement pounced onto his back.

33. John Doe One violently stomped his duty boot into the back of Mr. Barnett's neck, forcing his face to remain partially submerged in the mud.

34. John Doe One can be seen on police body camera footage continually forcing Mr. Barnett's face down by maintaining his boot's position on Mr. Barnett's neck, applying his entire body weight right on Mr. Barnett's neck.

35. Mr. Barnett screamed in agony.

36. Mr. Barnett pleaded, "I can't f**king breathe!"

37. Meanwhile, Deputy Martin exclaimed, "Are you trying to get your a** beat?!"

38. Deputy Martin then said, "I'm going to whoop your a**!"

39. Making good on his promise, Deputy Martin proceeded to deliver an onslaught of violent, closed-fist punches to Mr. Barnett's head, face, and neck.



40.     All the while, Mr. Barnett continued to scream in agony, pain, and torment.

41.     Seemingly a statement of pride, when Deputy Martin finally relented, he stated "That's what you get when you run from the police, dumba**!"

**WAIVER OF IMMUNITY**

42.     Hawkins County has waived immunity for negligence of employees and misconduct of officers or deputies acting under color of law, as set out in Tenn. Code Ann. §29-20-305, and for intentional acts or misconduct done by officers, deputies, or employees under color of law, as set out in Tenn. Code Ann. §8-8-302.

43.     There is no immunity for individuals for criminal conduct, or conduct which is willful or malicious.

**COUNT ONE**
**VIOLATION OF 42 U.S.C. § 1983**
**Unlawful Seizure and Excessive Force in Violation of the Fourth, Eighth, and Fourteenth Amendment (Against Deputy Martin and Jane and John Does 1-10)**

44.     Mr. Barnett incorporates by reference all the above allegations as if fully set forth herein.

45.     Excessive force under the Fourteenth Amendment is objectively unreasonable conduct that, given the facts and circumstances, would "shock the conscience" and amount to an arbitrary exercise of governmental power.

46.     Mr. Barnett had a constitutional right to be free from the unlawful and excessive use of force, pursuant to the Fourth Amendment, and to be free of cruel and unusual punishment, pursuant to the Eighth Amendment.

47.     The force used by Deputy Martin and John Doe One amounted to unlawful force that carried with it a high risk of causing serious bodily harm to Mr. Barnett, was unnecessary and unreasonable under the circumstances then and there existing.

48.     The totality of circumstances reveals that Deputy Martin's actions, slamming Mr. Barnett into the mud and beating him about the face and body and John Doe One's actions, violently stomping Mr. Barnett's neck, was unreasonable, unnecessary, an excessive use-of-force, and cruel and unusual punishment,

49.     Deputy Martin and John Doe One's actions were under color of law and deprived Mr. Barnett of his rights secured under the Constitution. His actions – done with actual malice – proximately caused serious physical and psychological injuries to Mr. Barnett, along with pain and suffering.

50.     As a result thereof, Mr. Barnett's rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated.

51.     As a direct and proximate result of the foregoing, Mr. Barnett suffered substantial physical and psychological injuries, pain and suffering, and incurred medical expenses.

52.     Plaintiff is entitled to an award of attorneys' fees, costs, and expenses under 42 U.S.C. § 1988.

53. The conduct of the Deputy Martin and John Doe One was intentional, malicious, willful, wanton and in reckless disregard of Mr. Barnett's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive in a civilized society, so as to justify the imposition of punitive damages on Deputy Martin.

**COUNT TWO**
**VIOLATION OF FEDERAL CIVIL RIGHTS LAWS 42 U.S.C. 1983**
**Monell Claim: Failure to Train and Supervise (Individually against Sheriff Lawson and Against Hawkins County)**

54. Mr. Barnett incorporates by reference all the above allegations as if fully set forth herein.

55. A duty extends to ensuring that its officers were properly trained concerning the limits of their authority to use force on inmates.

56. To succeed on a claim of failure to train, plaintiffs must establish (1) the county's training program was inadequate for the tasks the officers were required to perform, (2) the inadequacy was the result of the county's deliberate indifference, and (3) the inadequacy was closely related to or actually caused the injury. *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992).

57. The Sixth Circuit has identified two ways to demonstrate a municipality's deliberate indifference under a failure to train or supervise theory. First, Plaintiff may "show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Plinton v. Cnty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008). Alternatively, "a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability." *Id.*

58. According to the Supreme Court,

It may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.

*City of Canton v. Harris,* 489 U.S. 378, 390 (1989).

59. Hawkins County's failure to develop, promulgate, and enforce lawful policies outlining the guidelines for the appropriate use-of-force and to properly train its officers and agents to follow such guidelines constitute deliberate indifference to the Constitutional rights of citizens.

60. Deputy Martin's beating and John Doe One's stomping of Mr. Barnett evidenced a complete lack of training in proper procedures, indicating he believed that he had the "green light" to use such violent and unlawful force on suspects.

61. Here, Hawkins County has failed to adequately train, supervise, and instruct officers in the use-of-force or violence, and failed to adequately train, supervise, and control deputies in the proper response to threats of violence.

62. Hawkins County's policy of failing to train its officers on how to refrain from using excessive force amounts to deliberate indifference to the rights of persons suspected of a crime in violation of the Eighth and Fourteenth Amendments.

63. If Deputy Martin had been properly trained to respect the constitutional rights of suspects, he would not have assaulted Mr. Barnett.

64. If John Doe One had been properly trained to respect the constitutional rights of suspects, he would not have assaulted Mr. Barnett.

65. Deputy Martin and John Doe One lacked the "specific tools" or training to handle

the situation presented to them and to deal with the stress of working in law enforcement.

66. As a result thereof, Mr. Barnett's rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated.

67. The actions of the Defendants were done with actual malice/willful and wanton indifference toward Mr. Barnett, and with deliberate disregard for his constitutional rights and statutory rights, constitute deliberate indifference, and were the direct and proximate cause of Mr. Barnett's injuries.

68. As a direct and proximate result of the foregoing, Mr. Barnett suffered substantial physical and psychological injuries, pain and suffering, and incurred medical expenses.

69. Mr. Barnett is entitled to an award of attorneys' fees, costs, and expenses under 42 U.S.C. § 1988.

70. The conduct of the Defendants was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive in a civilized society, so as to justify the imposition of punitive damages.

**COUNT THREE**
**TENNESSEE GOVERNMENTAL TORT LIABILITY ACT**
**Tenn. Code Ann. § 29-20-101 (Individually Against All Defendants)**

71. Mr. Barnett incorporates by reference all the above allegations as if fully set forth herein.

72. Hawkins County was responsible for the supervision of the Individual Defendants.

73. Pursuant to the Tennessee Governmental Tort Liability Act, the Defendants owed Mr. Barnett a duty of care to effectuate an arrest without engaging in a violent assault.

74. Defendants breached the duty of care as set forth herein and are therefore liable to

Mr. Barnett.

75.     Plaintiff seeks money damages in the maximum amount allowed under Tennessee law.

**COUNT FOUR**
**ASSAULT & BATTERY**
**Tenn. Code Ann. § 8-8-301 et. seq. (Individually Against Deputy Martin and John Doe One)**

76.     Mr. Barnett incorporates by reference all the above allegations as if fully set forth herein.

77.     Mr. Barnett avers that the Deputy Martin and John Doe One knowingly, wantonly, intentionally, and with gross disregard for the rights of Mr. Barnett, assaulted Mr. Barnett.

78.     Deputy Martin and John Doe One did intentionally attempt to commit and did so commit serious bodily harm on Mr. Barnett and caused him to suffer substantial psychological trauma. Deputy Martin and John Doe One possessed a contemporaneous and/or appearance of the present ability to cause such harm and trauma.

79.     Accordingly, Deputy Martin and John Doe One committed an assault against Mr. Barnett, making contact with Mr. Barnett in a harmful and offensive way, committing battery against him.

80.     Hawkins County is responsible for the acts of its employees and agents pursuant to the doctrine of respondeat superior and is liable to Plaintiff pursuant to Tennessee Code Annotated § 8-8-301 et seq.

81.     Plaintiff suffered physical and psychological injuries as a proximate result of the assault and battery by Deputy Martin and John Doe One.

## COUNT FIVE
## OUTRAGEOUS CONDUCT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

82. Mr. Barnett incorporates by reference all the above allegations as if fully set forth herein.

83. The allegations outlined herein against the individually named Defendants while Defendants were acting under the color of law, were outrageous and intolerable in a civilized society and were done with a reckless disregard of the probability of causing emotional distress.

84. The conduct of Defendants, as outlined above, was outrageous. Defendants knew that their conduct would likely result in bodily injuries and severe emotional distress to Plaintiff, and their conduct was perpetrated with intent to inflict, or with reckless disregard of the probability of inflicting, mental anguish and severe emotional distress upon Mr. Barnett.

85. As a result of the conduct of Defendants, Mr. Barnett has sustained and suffered, and continues to suffer, personal injuries, including emotional distress.

86. Hawkins County is liable to Plaintiff under Tenn. Code Ann. § 8-8-301 et seq.

## DAMAGES

87. Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

88. As a direct and proximate result of the deliberately indifferent and wrongful conduct of Defendants, Mr. Barnett has suffered and continues to suffer, injury, damage, and loss including, but not limited to severe emotional distress, impairment of earning capacity, medical expenses, past and future, pain and suffering; and loss of enjoyment of life.

89. The wrongful acts of the individually named Defendants were willful, oppressive, intentional, and malicious; therefore, punitive damages should be asserted against Defendants in an

amount deemed sufficient to punish and deter Defendants and others in similar positions of authority from engaging in similar conduct in the future.

90.     Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover his reasonable attorney fees incurred herein.

## JURY DEMAND

91.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims asserted in this Complaint so triable.

## PRAYER FOR RELIEF

92.     That the summons be issued and that Defendants be duly served with a copy of this Complaint and required to answer the same;

93.     That the Court find that Defendants have engaged in the conduct and statutory and common law violations alleged herein;

94.     That Mr. Barnett be awarded such damages as will fully compensate him for all injuries caused by Defendants' actions and that a judgement in favor of Mr. Barnett be entered;

95.     That Mr. Barnett be awarded compensatory damages in an amount to be determined by the trier of fact, in an amount no less than $750,000;

96.     That Mr. Barnett be awarded punitive damages in an amount to be determined by the trier of fact, in an amount no less than $2,500,000;

97.     That Mr. Barnett recover his costs of this suit, including reasonable attorney's fees and discretionary costs, as provided by law;

98.     That Mr. Barnett be awarded pre-judgment and post-judgment interest as permitted by common law or applicable statute and such other and further relief as may be just and proper.

Respectfully submitted,

s/Corey B. Shipley
Corey B. Shipley (BPR 032772)
Collins Shipley, PLLC
102 S. Main Street
Greeneville, TN 37743
423-972-4388

s/Curt Collins
Curt Collins (BPR 030111)
Collins Shipley, PLLC
102 S. Main Street
Greeneville, TN 37743
423-972-4388

s/T. Hunter Shelton
T. Hunter Shelton (BPR 038375)
Collins Shipley, PLLC
102 S. Main Street
Greeneville, TN 37743
423-972-4388